# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 22, 2011

No. 10-10939
Summary Calendar

Lyle W. Cayce
Clerk

DI ANN SANCHEZ,

Plaintiff - Appellant

v.

DALLAS/FORT WORTH INTERNATIONAL AIRPORT BOARD,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CV-373

Before SMITH, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Di Ann Sanchez filed suit against her former employer, alleging discrimination and retaliation in violation of the Americans with Disabilities Act, the Family Medical Leave Act, and the Texas Commission on Human Rights Act. The district court granted summary judgment dismissing the suit, finding the evidence from the defendant of nondiscriminatory reasons for her termination to be uncontested. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10939

## FACTS AND PROCEDURAL HISTORY

Dallas/Fort Worth International Airport Board (DFW) hired Di Ann Sanchez to serve as Vice President of Human Resources in 2005. At the time DFW hired Sanchez, its officials were aware Sanchez's young son was afflicted with autism and attention-deficit hyperactivity disorder. When Sanchez was employed by DFW, her immediate supervisor at all times was Linda Thompson, DFW's Executive Vice President for Administration and Diversity.

Several parties testified to an ongoing conflict between Thompson and Sanchez. On October 12, 2006, Sanchez first requested leave time from work pursuant to the Family Medical Leave Act (FMLA) to attend doctor's appointments for her son. Sanchez alleged Thompson retaliated against her for by scheduling meetings during the doctor's appointments and reducing Sanchez's responsibility without informing her. Sanchez complained to DFW's CEO, Jeff Fagan, about Thompson's perceived harassment. An independent investigation into this charge turned up no indication of discrimination.

In 2007, DFW conducted a review of many of its managers, including Sanchez. During this review, a discussion of Sanchez revealed several perceived shortcomings in her work, including an inability to work with others, a lack of commitment to the position, time management issues, and the inability to focus on strategic goals. A consultant who assisted with the review process stated that it was difficult to make contact with Sanchez, and that Thompson was willing to work on her differences with Sanchez, but Sanchez was not.

Additionally, one of Sanchez's subordinates, Belinda Butler, left DFW's employ in December 2007. When Butler departed, she participated in an exit interview in which she alleged Sanchez displayed favoritism and mismanaged resources. An audit of these charges followed. The audit showed that Sanchez used her assistant for personal errands, approved expenses over the budget for her assistant's conference fees, improperly charged her assistant's cell phone

2

No. 10-10939

usage to DFW, and behaved inappropriately at a company event due to excessive alcohol consumption.

Before the audit was complete, Sanchez filed an EEOC complaint, alleging retaliation and harassment in violation of the Americans with Disabilities Act (ADA). She filed a second EEOC complaint after learning of the audit, arguing that the audit was retaliation for filing the first EEOC charge. Based on the audit's findings, Fagan terminated Sanchez on June 17, 2008.

Sanchez filed a third EEOC complaint. After receiving a right-to-sue notice, she filed suit in Texas state court against DFW on May 29, 2009. She alleged discrimination and retaliation in violation of the FMLA, ADA, and the Texas Commission on Human Rights Act (TCHRA). DFW removed the suit to federal court and moved for summary judgment. The district court granted the motion on August 12, 2010, before the discovery deadline ended. Sanchez filed a notice of appeal and subsequently moved for relief from judgment pursuant to Rule 60(b) on the grounds that she acquired new evidence. The district court denied this motion and Sanchez's motion to seal records that came to light in the litigation. Sanchez timely appealed.

## DISCUSSION

We initially discuss Sanchez's Rule 60(b) motion. Sanchez filed her notice of appeal after the district court granted the defense motion for summary judgment, but before it denied Sanchez's Rule 60(b) motion for relief from judgment. "[W]e have previously recognized that where a Rule 60(b) motion is filed after the notice of appeal from the underlying judgment, a separate notice of appeal is required in order to preserve the denial of the Rule 60(b) motion for appellate review." *Williams v. Chater*, 87 F.3d 702, 705 (5th Cir. 1996) (citations omitted). After the post-judgment denial of her 60(b) motion, Sanchez failed to file an additional notice of appeal.

3

No. 10-10939

The court will consider an opening brief the "functional equivalent" of a notice of appeal if it is filed within 30 days of the denial of the Rule 60(b) motion. *See Taylor v. Johnson*, 257 F.3d 470, 475 (5th Cir. 2001). Here, though, Sanchez filed her opening brief on February 11, 2011, 63 days after the district court denied her Rule 60(b) motion on December 10, 2010. Additionally, even if we took up consideration of the motion, Sanchez has not demonstrated that the evidence that served as the predicate for her Rule 60(b) motion was "newly discovered" and "that, with reasonable diligence, [it] could not have been discovered in time to move for a new trial under Rule 59(b) . . . ." Fed. R. Civ. P. 60(b)(2). Therefore, we do not consider Sanchez's motion for relief from judgment. *See Chater,* 87 F.3d at 705. The new evidence upon which these arguments depend is not properly before us and will not be considered on appeal. For the same reason, we decline to consider Sanchez's appeal of the district court's decision to deny her motion to seal records.

We review a district court's decision to grant a summary judgment motion *de novo. Boos v. AT&T, Inc.*, 643 F.3d 127, 130 (5th Cir. 2011). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The nonmoving party may not rely only on the pleadings to defeat summary judgment. *See Cotroneo v. Shaw Env't & Infrastructure, Inc.*, 639 F.3d 186, 191-92 (5th Cir. 2011). The plaintiff must, by her "own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* (quotation marks and citation omitted).

Sanchez's claims arise under the FMLA, ADA, and TCHRA. Under the TCHRA, an "employer commits an unlawful employment practice if because of . . . disability . . . [it] discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms,

No. 10-10939

conditions, or privileges of employment." Tex. Lab. Code § 21.051(1). The ADA prohibits employers from taking adverse employment actions against employees "because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. § 12112(b)(4). It is "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful" by the FMLA. 29 U.S.C. § 2615(a)(2).

Because Sanchez has failed to produce evidence of direct discrimination, we analyze all three claims under the familiar *McDonnell-Douglas* framework. *See E.E.O.C. v. Chevron Phillips Chem. Co.,* 570 F.3d 606, 615 (5th Cir. 2009); *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 356 (5th Cir. 2005); *Hunt v. Rapides Healthcare Sys., LLC,* 277 F.3d 757, 768 (5th Cir. 2001). First, Sanchez must establish a *prima facie* case of retaliation. *See Hunt*, 277 F.3d at 768. Second, the burden shifts to the defendant to provide a legitimate, non-discriminatory reason for the adverse employment action. *Id.* If it does so, Sanchez must then show by a preponderance of the evidence that the proffered, legitimate reason is pretext for discrimination. *See id.* We assume without deciding that Sanchez established a *prima facie* case of retaliation.

DFW provided legitimate, non-discriminatory grounds for terminating Sanchez. DFW's reasons included misuse of company resources, improperly sending her assistant on personal errands, and improperly approving cell phone charges for her assistant. Additionally, DFW maintained that Sanchez abused alcohol at a company event and had a great deal of difficulty getting along with her supervisor, Linda Thompson. These reasons are sufficient to shift the burden back to Sanchez.

Sanchez cannot show the reasons given were pretext for discrimination. She relies on evidence that was not before the district court and her own self-serving affidavit to rebut DFW's reasons for firing her. We have discussed the

No. 10-10939

jurisdictional bar to the evidence Sanchez submitted post-judgment.  Further, a self-serving affidavit, without more evidence, will not defeat summary judgment.  *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 531 & n.49 (5th Cir. 2005).  Even accepting her rebuttal to DFW's evidence, Sanchez has failed to tie her termination to her FMLA leave, or show that DFW did not fire her for the reasons it stated.  "The issue at the pretext stage is whether [the defendant's] reason, even if incorrect, was the real reason for [the plaintiff's] termination." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 899 (5th Cir. 2002).  The record evidence shows DFW fired Sanchez immediately after receiving the audit which indicated a host of indiscretions at work.  Therefore, Sanchez has not shown the reasons DFW provided for her termination were pretextual and were not the basis for its decision to terminate her.

AFFIRMED.