# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 27, 2013

No. 12-60681
Summary Calendar

Lyle W. Cayce
Clerk

SHERRY COOLEY,

Plaintiff - Appellant

v.

RECKITT BENCKISER; TEMPSTAFF, INCORPORATED,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:11-CV-404

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Sherry Cooley filed a complaint against Reckitt Benckiser LLC and TempStaff, Inc., asserting claims for religious discrimination in violation of Title VII, religious discrimination in violation of 42 U.S.C. § 1981, and intentional infliction of emotional distress.[1] She alleged that the defendants discriminated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Cooley's brief does not address the summary judgment on her intentional infliction of emotion distress and § 1981 religious discrimination claims. She has, therefore, abandoned them. To the extent that Cooley has attempted to brief a retaliation claim, that claim is not

against her because of her religious by not allowing her to wear a skirt while she was assigned to work at Reckitt Benckiser.

The district court granted summary judgment for Reckitt Benckiser on the ground that it was not Cooley's employer. The district court granted summary judgment for TempStaff on the grounds that (1) there is no evidence that TempStaff discharged Cooley because she failed to comply with a requirement that she wear pants while working at Reckitt; and (2) TempStaff accommodated Cooley's religious beliefs by promptly assigning her to a position at a school cafeteria, where she was allowed to wear a skirt, work less hours, and make the same amount of money that she made while working at Reckitt.

The record supports the district court's conclusion that Cooley failed to establish the existence of a genuine issue of material fact regarding whether she was an employee of Reckitt Benckiser and whether TempStaff discriminated against her on the basis of her religion. We therefore affirm the summary judgment, essentially for the reasons stated by the district court in its thorough, well-reasoned Opinion and Order. *Cooley v. Reckitt Benckiser*, No. 3:11-cv-404-WHB-LRA (S.D. Miss. July 25, 2012).

In her brief, Cooley argues that the district court also erred by denying her "Motion for Reversed and Remanded Summary Judgment," which the district court construed as a motion to vacate the summary judgment pursuant to Federal Rule of Civil Procedure 60(b). We do not have jurisdiction to review the district court's order denying that motion. The district court entered a final judgment on July 25, 2012. Cooley filed a timely notice of appeal on August 24. On August 27, after she had fired her lawyer, and after her appeal of the final judgment had been perfected, Cooley filed the "Motion for Reversed and

---

properly before us because she did not allege a retaliation claim in her complaint.

No. 12-60681

Remanded Summary Judgment." The district court denied the motion on October 22, 2012. Cooley did not file another notice of appeal.

If a Rule 60 motion is filed no later than 28 days after entry of final judgment, the time to file a notice of appeal runs from the entry of the order disposing of the motion. Fed. R. App. P. 4(a)(4)(A)(vi). A notice of appeal that is filed before the disposition of a Rule 60 motion filed within 28 days after entry of a final judgment becomes effective when the order disposing of the motion is entered. Fed. R. App. P. 4(a)(4)(B)(i). Cooley's "Motion for Reversed and Remanded Summary Judgment" was filed more than 28 days after entry of final judgment. Therefore, she was required to file a new notice of appeal in order to obtain review of the district court's order denying that motion. *See Sanchez v. Dallas/Fort Worth Int'l Airport Bd.*, 438 F. App'x 343, 345-46 (5th Cir. 2011). She did not do so.[2] Accordingly, we have no authority to review the district court's denial of the motion.

For the foregoing reasons, the summary judgment is

AFFIRMED.

---

[2] This Court has stated that it "will consider an appellant's brief as the 'functional equivalent' of a notice of appeal if it is filed within 30 days of the denial of the Rule 60(b) motion." *Sanchez*, 438 F. App'x at 345. Cooley's opening brief was filed on December 13, 2012, more than 30 days after the district court entered its order denying the Rule 60(b) motion on October 22.