# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 1, 2013

Lyle W. Cayce
Clerk

13-60239
Summary Calendar

ROBERT J. RAY, SR.,

Plaintiff-Appellant

v.

THE GEO GROUP, INCORPORATED; ALTON DALE CASKEY; RICARDO GILLISPIE; DOROTHY POPE; KEN MORGAN; DENNIS HUGGINS; KINO REESE; CHRISTOPHER THRIFT; JAMES ALEXANDER; KATINA BROOKS,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:11-CV-133

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Before the Court is the appeal of an order granting summary judgment with respect to Plaintiff-Appellant's various claims of employment discrimination and civil rights violations. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60239

Robert J. Ray, Sr., ("Ray") is a former correctional counselor[1] who threatened a co-worker after the co-worker reported that Ray had violated workplace computer-use policy. Ray, in fact, concedes that he said, "I'm going to kill you and I know how to do it." Shortly after this incident, his employer held a hearing and dismissed Ray because the threats violated corporate policy. Ray then filed suit against his former employer and several former co-workers, alleging that the employer's explanation for the termination was mere pretext for a termination prohibited by law. Ray argues that the true motivation is either his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2; or his history of activity protected by the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3). Ray also alleges that certain former co-workers violated 42 U.S.C. §§ 1983 and 1985 when they initiated the termination proceedings and/or facilitated a criminal prosecution arising out of the incident.[2]

The district court granted summary judgment with respect to all of Ray's claims. We review summary judgment *de novo*, applying the same standard as the district court, and considering all facts in the light most favorable to the non-moving party. *Haverda v. Hays Cnty.*, 723 F.3d 586, 591 (5th Cir. 2013). Summary judgment is appropriate only if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56.

We first turn to Ray's claims that his employer impermissibly dismissed him from his position in violation of either Title VII or the FLSA. It is undisputed that the employer has offered an ostensibly legitimate reason for termination. Ray thus bears the burden of producing evidence of pretext.

---

[1] Ray served as a counselor to inmates at a Mississippi penitentiary, but did not work for the state. He worked for a private entity that provides correctional services.

[2] The precise nature of the claim is unclear, as explained *infra*.

No. 13-60239

*Samford v. Stolle Corp.*, 181 F.3d 96 n.2 (5th Cir. 1999) (an FLSA case, applying the *McDonnell-Douglas* framework as explained in *Long v. Eastfield Coll.*, 88 F.3d 300, 304–05 (5th Cir. 1996), a Title VII case).

Ray's primary argument on appeal revolves around a silent surveillance video of the incident. Ray claims that this blurry, wordless video somehow shows that his threat was not serious, and that he never intended any physical harm to his co-worker.[3] He proposes, therefore, that because the threat was not serious, there must have been some ulterior motive behind his firing. This argument is not persuasive. Even if we were inclined to determine when workplace death threats become sufficiently serious to justify termination—which we are not—the only suggestion that Ray's language should not be construed as such a threat is Ray's own affidavit. Indeed, multiple witnesses have described the incident, but no one corroborates Ray's version of the facts. Yet it is well settled that "a self-serving affidavit, without more evidence, will not defeat summary judgment." *Sanchez v. Dall./Fort Worth Int'l Airport Bd.*, 438 F. App'x 343, 346–7 (5th Cir. 2011) (citing *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 531 (5th Cir. 2005)).

Moreover, we have emphasized that a plaintiff alleging pretext cannot survive summary judgment merely by "disputing the truth of the underlying facts" that led to an employment decision. *Haverda*, 723 F.3d at 596 n.1. Instead, he must submit sufficient evidence to "support an inference" that the employer had an impermissible motive. *Id.* Here, even taking Ray's affidavit as true, he has provided no evidence of such a motive. There is nothing in the record to link his two-year-old FLSA claim to the termination, such that there

---

[3] Ray claims that he only intended to expose the co-worker's fraudulent credentials and try to get him fired. Ray wants to recharacterize the death threat so he can argue that his misconduct was indistinguishable from behavior for which other employees were not fired. However, as explained, Ray has no support for the claim that his threats should not have been taken seriously.

3

might be a violation of 29 U.S.C. § 215. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–274 (2001) (finding a lapse of twenty months inadequate to allow such an inference). Nor is there any indication that his termination was motivated by race in violation of Title VII. And the fact that he was replaced by a man of the same race only further undermines this claim. *Goree v. Comm'n Lincoln Parish Detention Ctr.*, 437 F. App'x 329, 331 (5th Cir. 2001); *Newman v. First Baptist Church of W. Monroe*, 983 F.2d 232 (5th Cir. 1993) (unpublished). Consequently, Ray has provided no evidence of pretext, and we affirm summary judgment with respect to these claims.

Ray's § 1983 claim also fails. Section 1983 prohibits the deprivation of "any rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of law. 42 U.S.C. § 1983. Ray argues that his former employer and several co-workers filed false criminal charges and then committed perjury at the subsequent trial for assault. It is unclear exactly which right has allegedly been breached. Regardless, Ray has not explained how his co-workers or former employer acted under "color of law." The Supreme Court has long emphasized that actionable deprivations must be based on "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326 (1941). Here, the misconduct Ray alleges— perjury and the false filing of criminal charges—are not made possible by state authority, but could readily be committed by any private individual. Nor has Ray presented any evidence that the state "exerted coercive power [over] or provided significant encouragement" to the actors. *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (citations omitted). In addition, it appears that Ray is indirectly challenging the validity of his criminal proceeding and conviction, which is not a permissible use of § 1983. *See*

No. 13-60239

*Cormier v. Lafayette City-Parish Consol. Gov't*, 493 F. App'x 578, 583 (5th Cir. 2012) (collecting cases).

Finally, we likewise affirm the court's decision with respect to Ray's claim under 42 U.S.C. § 1985. Section 1985 prohibits, *inter alia*, conspiracy to deprive "any person or class of persons the equal protection of the laws." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 149 (5th Cir. 2010). Despite a careful review of Ray's filings, the factual and legal foundation of his § 1985 claim remains unclear. Before the district court, Ray argued that the claim is rooted in alleged perjury at his workplace hearing and criminal trial; yet now he abandons that argument and insists that the claim is rooted in a longstanding practice of racial discrimination by his former employer. His briefs cite no legal authority to support either argument, and his allegations of conspiracy are wholly conclusory. Where, as here, an appellant fails to state his "contentions and the reasons for them, with citations to the authorities . . . on which [he] relies," the appellant's argument is waived. *Raj v. La. State Univ.*, 714 F.3d 322, 327 (5th Cir. 2013) (quoting FED. R. APP. P. 28); *see also Offord v. Parker*, 456 F. App'x 472, 475 (5th Cir. 2012) (noting that plaintiff-appellant's allegations of conspiracy were conclusory).

Consequently, for the reasons stated herein, summary judgment is AFFIRMED.